# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:97-CR-116 CAS |
| JEFFREY TODD BLACKWELL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se "Motion for Relief From Order and Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) s." More than twelve years after he was sentenced, and more than seven years after his petition for federal habeas relief was denied, defendant moves pursuant to Fed. R. Civ. P. 60(b)(4) that the Court reopen his original sentencing hearing to address a so-called procedural error that was made by the Court.

Defendant's motion is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b). Federal Rules of Civil Procedure 1 and 81 make it clear that the Federal Rules of Civil Procedure apply only to civil proceedings. The Federal Rules of Civil Procedure, including Rule 60(b), may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case. See, e.g., United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) (unpublished per curiam) (holding that Rule 60(b) applies only to civil cases); United States v. O'Keefe, 169 F.3d 281, 288 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); see also United States v. Tillberg, No. 98-3616 (8th Cir. Apr. 13, 1999) (unpublished per curiam) (affirming district court's denial of Rule 60(b) motion to vacate a portion

of defendant's sentence, citing Mosavi). Consequently, defendant's motion pursuant to Rule 60(b)(4), Fed. R. Civ P., will be denied.

Additionally, even if the Court were to construe defendant's motion as a petition for writ of habeas corpus, the motion would be denied because defendant has not filed a motion in the United States Court of Appeals for the Eighth Circuit for permission to seek a successive writ of habeas corpus as is required under 28 U.S.C. § 2244(b)(3). Defendant originally filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on October 28, 1999, which this Court denied on the merits on March 28, 2003. Blackwell v. United States, No. 4:99-CV-1687 CAS (E.D. Mo. Oct. 28, 1999). The Eighth Circuit denied defendant's application for a certificate of appealability and dismissed the appeal. Blackwell v. United States, No. 01-2226 (8th Cir. Feb. 20, 2004). The United States Supreme Court denied movant's petition for a writ of certiorari. Blackwell v. United States, No. 04-5182 (Oct. 4, 2004). Defendant subsequently filed three other motions for relief under 28 U.S.C. § 2255, Blackwell v. United States, No. 4:05-CV-984 CDP (E.D. Mo. Aug. 23, 2005); Blackwell v. United States, 4:06-CV-1177 CDP (E.D. Mo. Sept. 19, 2006); and Blackwell v. United States of America, No. 4:07-CV-1864 CDP (E.D. Mo. Nov. 27, 2007), which this Court, Judge Perry presiding, construed as second or successive § 2255 motions and transferred them to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The Eighth Circuit denied movant's applications for authorization to file successive habeas actions. See Blackwell v. United States, No. 05-3491 (8th Cir. Nov. 25, 2005); Blackwell v. United States, No. 06-3441 (8th Cir. Feb. 27, 2007); and Blackwell v. United States, No. 07-3765 (8th Cir. Mar. 31, 2008). As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255(h) provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals"

to contain certain information. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because defendant did not obtain permission from the Eighth Circuit Court of Appeals to file a motion for relief from his sentence, the Court lacks jurisdiction to review defendant's motion on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion pursuant to Federal Rule of Civil Procedure Rule 60(b)(4) is **DENIED**. [Doc. 79]

**IT IS FURTHER ORDERED** that defendant's motion for leave to supplement his motion pursuant to Federal Rule of Civil Procedure Rule 60(b)(4) is **DENIED**. [Doc. 80]

**IT IS FURTHER ORDERED** that defendant's motion to expedite his motion pursuant to Federal Rule of Civil Procedure Rule 60(b)(4) is **DENIED as moot**. [Doc. 82]

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of June, 2011.